John D. Sadler (admitted *pro hac vice*)
sadlerj@ballardspahr.com
Melanie Vartabedian (SBN 278181)
vartabedianm@ballardspahr.com
Elliot Johnson (SBN 317303)
johnsoneg@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350

*Counsel for Defendant Truist Bank (erroneously sued as "Truist Bank, NA")*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NT CAPITAL MANAGEMENT LLC, a Delaware Limited Liability Company and TIEN DUNG NGUYEN, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>TRUIST BANK, NA, a National Association, and DOES 1 through 20, Inclusive,<br><br>Defendants. | Case No. 2:24-cv-09461-HDV-AJRx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUIST BANK'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Action Filed: 10/2/2024<br><br>Motion Hearing Date: 5/22/2025<br>Hearing Time:  10:00 a.m.<br>District Judge Hernán D. Vera<br>Magistrate Judge A. Joel Richlin |

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

**TABLE OF CONTENTS**

**Page**

I.   SUMMARY OF THE ARGUMENT.................................................................1

II.  PLAINTIFFS' ALLEGATIONS..................................................................4

III. ARGUMENT ...........................................................................................5

    A.   Standard of Review .......................................................................5

    B.   Plaintiffs' claim under UCC § 4A-207 (Cal. Comm. Code 11207) fails, regardless of whether asserted under subsection (a) or subsection (b). .................6

        1.   Plaintiffs' UCC claim fails because they each lack privity with Truist. .................6

        2.   Plaintiffs' claim under UCC § 4A-207(a) otherwise fails because the Account was existing and identifiable...................9

        3.   Plaintiffs' claim under UCC § 4A-207(b) fails for both procedural and substantive reasons. ...........................12

            (a)   Plaintiffs did not properly assert their § 4A-207(b) claim. ...........12

            (b)   Plaintiffs' UCC § 4A-207(b) claim fails because Plaintiffs do not sufficiently allege that Truist had "actual knowledge" of a misdescribed beneficiary when it accepted the subject Payment Orders. ...........12

        4.   Plaintiffs do not state a cognizable claim for breach of a duty of ordinary care............................16

IV.  CONCLUSION ......................................................................................17

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
TRUIST BANK'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AG4 Holding, LLC v. Regency Title & Escrow Servs.*,
  98 Va. 89 (Fairfax Cnty. 2018) ................................................................................4, 17

*Amplictech Grp., Inc. v. Truist Bank*,
  746 F. Supp. 3d 1384 (S.D. Fla. 2024)................................................................................6

*Approved Mortg. Corp. v. Truist Bank*,
  106 F.4th 58 (7th Cir. 2024)...........................................................................................1, 6, 8

*Attisha Enters. v. Capital One, N.A.*,
  505 F. Supp. 3d 1051 (S.D. Cal. 2020) ................................................................................3, 16

*Balla v. Idaho State Bd. of Corr.*,
  869 F.2d 461 (9th Cir. 1989)................................................................................6

*Bayerische Hypo-Und Vereinsbank AG v. HSBC Bank USA, N.A.*,
  144 A.D.3d 501 (1st Dep't 2016)................................................................................4, 17

*Berry v. Regions Fin. Corp.*,
  507 F. Supp. 3d 972 (W.D. Tenn. 2020)................................................................................6

*Blantz v. Cal. Dep't of Corr. & Rehab.*,
  727 F.3d 917 (9th Cir. 2013)................................................................................13

*Cervantes v. Countrywide Home Loans, Inc.*,
  656 F.3d 1034 (9th Cir. 2011)................................................................................4, 5

*Compressed Air Corp. v. Citibank, N.A.*,
  No. 24-20267, 2024 U.S. Dist. LEXIS 238088 (S.D. Fla. June 7, 2024) ..................................6

*Cosmopolitan Title Agency, LLC v. JP Morgan Chase Bank, N.A.*,
  649 F. Supp. 3d 459 (E.D. Ky. 2023)................................................................................4, 6

*Elkin Valley Baptist Church v. PNC Bank, N.A.*,
  748 F. Supp. 3d 293 (W.D. Pa. Sept. 10, 2024)................................................................................6

*Export-Import Bank of the United States v. Asia Pulp & Paper Co.*,
  609 F.3d 111 (2d Cir. 2010)................................................................................6

*Frankel-Ross v. Congregation Ohr Hatalmud*,
  No. 15-6566, 2016 U.S. Dist. LEXIS 128342 (S.D.N.Y. 2016)................................................6

*Gardner v. Sage Ridge Sch.*,
  24-403, 2025 U.S. Dist. LEXIS 19829 (D. Nev. Feb. 4, 2025) .........................................12, 13

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

ii

*Grain Traders v. Citibank, N.A.*,
   160 F.3d 97 (2d Cir. 1998) ..............................................................................................2, 6, 8

*Grand Bayman Belize, Ltd. v. Wells Fargo Bank, N.A.*,
   No. 21-55146, 2022 U.S. App. LEXIS 1410 (9th Cir. Jan. 19, 2022) ...........................2, 10, 11

*Harrington v. PNC Bank, N.A.*,
   684 F. Supp. 3d 631 (E.D. Mich. 2023) .......................................................................11

*Hartman v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*,
   536 F.3d 1049 (9th Cir. 2008) ........................................................................................9

*Levin v. Islamic Republic of Iran*,
   523 F. Supp. 3d 14 (D.D.C. 2021) .................................................................................6

*Love v. Alfacell*,
   No. 09-5199, 2011 U.S. Dist. LEXIS 119445 (D.N.J. Oct. 17, 2011) ....................................4, 5

*Lucky Star Enters. III, LLC v. Wells Fargo Bank, N.A.*,
   585 F. Supp. 3d 1297 (W.D. Wash. 2022) ...................................................................15

*Menzel v. Scholastic, Inc.*,
   No. 17-5499, 2018 U.S. Dist. LEXIS 44833 (N.D. Cal. Mar. 19, 2018) ....................................13

*Meridian Growers Processing, Inc. v. JPMorgan Chase Bank, N.A.*,
   No. 24-781, 2024 U.S. Dist. LEXIS 175846 (E.D. Cal. Sept. 26, 2024) ...........................14, 15

*Monarch Air Grp., LLC v. JPMorgan Chase Bank, N.A.*,
   No. 23-60770, 2023 U.S. Dist. LEXIS 241192 (S.D. Fla. Oct. 6, 2023) ....................................6

*Motallebi v. Bank of Am. Corp.*,
   No. 20-4618, 2020 U.S. Dist. LEXIS 265713 (C.D. Cal. July 2, 2020) ..............................3, 12

*MUR Shipping B.V. v. Bank of America, N.A.*,
   No. 19-3896, 2019 U.S. Dist. LEXIS 111716 (C.D. Cal. July 3, 2019) ..............................4, 17

*Nova Mar. B.V.I., Ltd. v. Transvast Shipping Co. Ltd.*,
   No. 08-6869, 2009 U.S. Dist. LEXIS 117409 (S.D.N.Y. Dec. 16, 2009) ....................................6

*Scura, Wigfield, Heyer, Stevens & Cammarota, LLP v. Citibank, NA*,
   No. 21-12835, 2022 U.S. Dist. LEXIS 239270 (D.N.J. Oct. 3, 2022) ....................................6

*Squeeze Me Once, LLC v. SunTrust Bank*,
   630 F. Supp. 3d 763 (M.D. La. 2022) .......................................................................14, 15

*Studco Bldg. Sys. US, LLC v. 1st Advantage Credit Union*,
   --- F.4th ----, 2025 U.S. App. LEXIS 6999 (4th Cir. Mar. 26, 2025) ............................... *passim*

*TME Enters., Inc. v. Norwest Corp.*,
   124 Cal. App. 4th 1021 (2004)..............................................................................11, 13, 15

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUIST BANK'S NOTICE OF MOTION TO DISMISS

*Turbinator, Inc. v. Super. Ct.*,
33 Cal. App. 4th 443 (1995) .................................................................................................9

*Valley Chili Props., LLC v. Truist Bank*,
705 F. Supp. 3d 768 (W.D. Tex. 2023) .................................................................................6

*Wellton Int'l Express v. Bank of China (Hong Kong)*,
612 F. Supp. 3d 358 (S.D.N.Y. 2020) ............................................................................2, 6, 8

*Wheels Invs., LLC v. Wells Fargo Bank, N.A.*,
No. 19-658, 2021 U.S. Dist. LEXIS 259136 (M.D. Fla. Apr. 29, 2021) ....................................6

*Zhejiang Matrix SCM Co. v. PNC Bank, N.A.*,
No. 23-979, 2024 U.S. Dist. LEXIS 44671 (E.D. Pa. Mar. 13, 2024) .......................................6

**Statutes**

CAL. FIN. CODE § 1450 ..........................................................................................................3, 4, 17

UCC § 1-202 (CAL. COMM. CODE § 1202) ...............................................................................3, 13, 15

UCC § 4A-102 (CAL. COMM. CODE § 11102) ..................................................................................6

UCC § 4A-103 (CAL. COMM. CODE § 11103) ..................................................................................7, 9

UCC § 4A-104 (CAL. COMM. CODE § 11104) ..................................................................................7, 9

UCC § 4A-204 (CAL. COMM. CODE § 11204) ..................................................................................16

UCC § 4A-205 (CAL. COMM. CODE § 11205) ..................................................................................16

UCC § 4A-207 (CAL. COMM. CODE § 11207) ............................................................................. *passim*

UCC § 4A-209 (CAL. COMM. CODE § 11209) ..................................................................................7

UCC § 4A-302 (CAL. COMM. CODE § 11302) ..................................................................................16

UCC § 4A-304 (CAL. COMM. CODE § 11304) ..................................................................................16

UCC § 4A-402 (CAL. COMM. CODE § 11402) ..................................................................................2, 8

UCC § 4A-404 (CAL. COMM. CODE § 11404) ..................................................................................7

**Other Authorities**

FED. R. CIV. P. 54(b) ..............................................................................................................6

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

iv

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUIST BANK'S
NOTICE OF MOTION TO DISMISS

## I.    SUMMARY OF THE ARGUMENT

Plaintiffs, Tien Dung Nguyen and NT Capital Management LLC ("NT Capital") (together, "Plaintiffs"), earlier asserted claims against Truist Bank ("Truist") for negligence, money had and received, and violation of Uniform Commercial Code ("UCC") § 4A-207(a) (CAL. COMM. CODE § 11207(a)).  *See generally* Compl. (ECF 1-1).  Each claim concerned wire transfers that Plaintiffs initiated, thereby transferring funds from accounts at non-party banks to a bank account ending in 0438 held at Truist (the "Account").  *See id.* at ¶¶ 8-9, 13.  Plaintiffs believed that the Account was held by non-party Composite Ventures Hero LLC ("Composite Ventures") but learned after transferring funds that the Account actually was held by non-party EA Engineering Services ("EA").  *See id.* at ¶¶ 8-9, 14.

Truist moved to dismiss the Complaint under Rule 12(b)(6), and this Court dismissed the Complaint in its entirety.  *See generally* Mot. to Dismiss (ECF 18); Mem. of Points & Authorities (ECF 18-1); 2025-03-24 Order (ECF 35).  The Court dismissed Plaintiffs' common law claims with prejudice.  *See* 2025-03-24 Order, 4-6 & n.3.  As to the UCC claim, the Court granted leave to amend, suggested a claim under UCC § 4A-207(b) (CAL. COMM. CODE § 11207(b)), and stated that, under § 4A-207(b), Plaintiffs must allege Truist's "actual knowledge" that "the beneficiary's name and account number" appearing in the subject wire-transfer payment orders "refer to different persons."  *Id.* at 1, 7; *see also id.* at 2 ("California has made a policy decision to immunize banks for mismatch errors in wire transfers where there is no 'actual knowledge' that 'the beneficiary's name and account number refer to different persons.'").

On April 1, 2025, Plaintiffs filed the First Amended Complaint ("FAC"), through which they re-assert a claim under UCC § 4A-207(a).  *See* FAC, ¶¶ 11-23 (ECF 36).  However, within that claim, Plaintiffs also assert that Truist violated both UCC § 4A-207(b) and a duty of ordinary care.  *See id.* at ¶¶ 17-21.

For five reasons, Plaintiffs again fail to state any claim upon which relief can be granted, and the FAC should be dismissed with prejudice.  *First*, Plaintiffs' UCC claim must be dismissed because Plaintiffs lack privity with Truist.  UCC § 4A-207 addresses a beneficiary's bank's acceptance of a payment order that refers to a "misdescribed beneficiary" but does not indicate what

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

happens when a beneficiary's bank takes such action despite actual knowledge of the discrepancy. Instead, UCC § 4A-402 provides the remedy: an orderly unraveling, wherein the beneficiary's bank returns funds to the originator's bank, and that bank returns funds to the originator.  *See* UCC § 4A-207, official cmt. 2.  A wire-transfer originator may not "skip over" its own bank and seek a remedy directly from the beneficiary's bank.  *See, e.g.*, *Wellton Int'l Express v. Bank of China (Hong Kong)*, 612 F. Supp. 3d 358, 364 (S.D.N.Y. 2020) (holding that § 4A-402 provides the remedy for an alleged violation of § 4A-207 and "applies only between the parties to a particular payment order and not to the parties to the funds transfer as a whole" (citation, quotation marks, and alterations omitted)).  Where, as here, privity is lacking, a claim under UCC § 4A-207 must be dismissed with prejudice.  *See Studco Bldg. Sys. US, LLC v. 1st Advantage Credit Union*, --- F.4th ----, 2025 U.S. App. LEXIS 6999, at *16 (4th Cir. Mar. 26, 2025); *see also, e.g., id.* at *27-29 (Wynn, J., concurring); *Grain Traders v. Citibank, N.A.*, 160 F.3d 97, 102 (2d Cir. 1998) (holding that "each sender of a payment order" may "seek refund only from the … bank it paid," and explaining that disregard of privity requirement "would result in uncertainty as to rights and liabilities" and "create a risk of multiple or inconsistent liabilities").

*Second*, Plaintiffs' claim under § 4A-207(a) fails because that UCC subsection applies to a wire-transfer payment order that refers to "a nonexistent or unidentifiable person or account."  UCC § 4A-207(a) (CAL. COMM. CODE § 11207(a)).  As a matter of law, the payment orders at issue did not refer to a "nonexistent or unidentifiable person or account" because, as Plaintiffs expressly acknowledge, each payment order identified the Account by its account number.  *See* FAC, ¶ 13. Plaintiffs' allegation that those payment orders also referred to the name of Plaintiffs' intended beneficiary—Composite Ventures, which was not the actual Account-holder—is of no consequence.  *See Grand Bayman Belize, Ltd. v. Wells Fargo Bank, N.A.*, No. 21-55146, 2022 U.S. App. LEXIS 1410, at *2-3 (9th Cir. Jan. 19, 2022); 2025-03-24 Order, 5 (holding that "a difference in name alone" would not salvage Plaintiffs' UCC claim).

*Third*, Plaintiffs' UCC § 4A-207(b) (CAL. COMM. CODE § 11207(b)) and ordinary care claims fail because neither is properly asserted.  Plaintiffs included those claims under the heading of their claim for an alleged violation of UCC § 4A-207(b).  "Combining separate legal claims

2

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

under one cause of action is improper under Rule 8." *Motallebi v. Bank of Am. Corp.*, No. 20-4618, 2020 U.S. Dist. LEXIS 265713, at *6 (C.D. Cal. July 2, 2020). Thus, Plaintiff's § 4A-207(b) and ordinary care claims should be dismissed.

*Fourth*, Plaintiffs' § 4A-207(b) claim otherwise should be dismissed because Plaintiffs have not alleged actual knowledge of a misdescribed beneficiary. Plaintiffs have invented "facts" (many alleged solely on information and belief) to shoehorn their claim into this Court's earlier dismissal ruling. *See* FAC, ¶¶ 17, 19. However, even if they are view in the light most favorable to Plaintiffs and accepted as true, Plaintiffs' allegations do not support a § 4A-207(b) claim upon which relief can be granted. At most, they demonstrate ***constructive*** knowledge of a misdescribed beneficiary, which is legally insufficient. *See* 2025-03-24 Order, 2 (recognizing that § 4A-207(b) requires allegations of ***actual*** knowledge); *see also* UCC § 1-202(b) (CAL. COMM. CODE § 1202(b)) (stating that "'Knowledge' means actual knowledge" and that "'Knows' has a corresponding meaning"); *Studco*, 2025 U.S. App. LEXIS 6999, at *13-20 (reversing district court's judgment under UCC § 4A-207(b) with direction to enter judgment in favor of defendant credit union because plaintiff's evidence of imputed or constructive knowledge of misdescribed beneficiary was legally insufficient). Moreover, many of Plaintiff's allegations relate to potential post-transfer sources of knowledge, which are simply irrelevant. *See* FAC, ¶ 18; *see also* UCC § 4A-207, official cmt. 2 ("The time of payment is the pertinent time at which knowledge or lack of knowledge must be determined.").

*Fifth*, assuming *arguendo* that Plaintiffs properly asserted a claim for breach of ordinary care (and, to be clear, they did not), Truist did not breach such a duty by accepting the subject payment orders. A beneficiary's bank does not violate a duty of ordinary care when it adheres to UCC Article 4A's rules. *See Attisha Enters. v. Capital One, N.A.*, 505 F. Supp. 3d 1051, 1057-58 (S.D. Cal. 2020) (dismissing "ordinary care" claim because UCC Article 4A "sets forth duties, allocation of risk, and remedies that displace common law causes of action in the circumstances applicable here"). Finally, because Plaintiffs failed to comply with California Finance Code § 1450 (California's "Adverse Claim Act"), Truist had no obligation to act on Plaintiffs' informal allegations of loss by returning the wire-transferred funds. *See* CAL. FIN. CODE § 1450 (a), (b); *see*

3

*also MUR Shipping B.V. v. Bank of America, N.A.*, No. 19-3896, 2019 U.S. Dist. LEXIS 111716, at *9 (C.D. Cal. July 3, 2019) (dismissing non-customer's negligence claim because plaintiff had not complied with § 1450). Critically, Plaintiffs were required to satisfy that statute because, once Truist accepted the subject payment orders, title to the wire-transferred funds passed from Plaintiffs to the Account-holder, EA. *See Bayerische Hypo-Und Vereinsbank AG v. HSBC Bank USA, N.A.*, 144 A.D.3d 501, 502 (1st Dep't 2016) ("[O]nce the order was accepted, the funds became the property of the beneficiary[.]"); *see also, e.g.*, *AG4 Holding, LLC v. Regency Title & Escrow Servs.*, 98 Va. 89, 102 (Fairfax Cnty. 2018) ("Plaintiffs no longer had the right to possession of the funds at the very instant [the beneficiary's bank] accepted the payment order, even if fraud was involved.").

Plaintiffs' claims should be dismissed with prejudice because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming dismissal with prejudice because "amendment would be futile"). Notably, Plaintiffs: (1) cannot allege any facts to cure lack of privity; (2) have not properly alleged any new facts supporting their UCC claims; and (3) once again fail to allege satisfaction of California Financial Code § 1450. Thus, this Could should find that Plaintiffs already have alleged the facts available to them and dismiss the FAC with prejudice. *See Love v. Alfacell*, No. 09-5199, 2011 U.S. Dist. LEXIS 119445, at *39-40 (D.N.J. Oct. 17, 2011) ("Because [the plaintiff] has already amended his Complaint once, and because it appears that he has already included all of the facts available to support his claims, allowing him to take another bite at the apple would be fruitless.").

## II.    PLAINTIFFS' ALLEGATIONS

On or about August 3, 2023, Nguyen directed his bank, non-party Bank of America ("BANA"), to wire-transfer $420,000.00 from Nguyen's BANA account to the Account. *See* FAC, ¶ 8. That day, NT Capital also directed its bank, non-party Chase Bank ("Chase"), to wire-transfer $630,035.00 from NT Capital's Chase account to the Account. *See id.* at ¶ 9. Both Nguyen and NT Capital believed that the Account was held by Composite Ventures. *See id.* at ¶¶ 8-9. Later, both Nguyen and NT Capital learned that the Account actually was held by EA. *See id.*

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

4

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Nguyen and NT Capital each allege that they contacted BANA, Chase, and Truist "to demand a return" of the wire-transferred funds "immediately" after "realizing" that Composite Ventures did not hold the Account. *See id.* However, Plaintiffs do not allege that they ever even attempted to comply with the Adverse Claim Act. *See generally id.*

Plaintiffs assert a claim against Truist for allegedly violations UCC § 4A-207(a) (CAL. COMM. CODE § 11207(a)). *See id.* at ¶¶ 11-23. They plead no new facts supporting that claim. They also appear to assert claims for an alleged violation of UCC § 4A-207(b) (CAL. COMM. CODE § 11207(b)) and breach of a duty of ordinary care. In support of their § 4A-207(b) claim, Plaintiffs rest on (1) unfounded information and belief; (2) conclusory and unsupported allegations; and (3) irrelevant allegations of post-transfer events. *See id.* at ¶¶ 18-19, 21. In support of their ordinary care claim, Plaintiffs again state without any good-faith basis that Truist "had actual knowledge that the beneficiary's name on the Payment Orders did not match, or even resemble, the name of the account into which the funds [were] deposited." *Id.* at ¶ 17.

Truist now moves to dismiss because Plaintiffs do not state any claim upon which relief can be granted. Because amendment would be futile, the FAC should be dismissed with prejudice. *See Cervantes*, 656 F.3d at 1041 *Love*, 2011 U.S. Dist. LEXIS 119445, at *39-40.

## III.   ARGUMENT

### A.   Standard of Review

This Court recited the applicable standard of review in its March 24, 2025 Order: "dismissal under Rule 12 is proper … when a complaint exhibits either a 'lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" 2025-03-24 Order, 3-4 (quoting *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988)). Dismissal is appropriate here because Plaintiffs have not alleged and cannot allege any facts sufficient to state a claim under UCC § 4A-207 (CAL. COMM. CODE § 11207) or for an alleged breach of a duty of ordinary care. Those claims should be dismissed with prejudice because further amendment would be futile. *See, e.g.*, *Cervantes*, 656 F.3d at 1041.

## B. Plaintiffs' claim under UCC § 4A-207 (CAL. COMM. CODE 11207) fails, regardless of whether asserted under subsection (a) or subsection (b).

Plaintiffs state that each payment order referred to the beneficiary both by account number (the Account) and name (Composite Ventures). *See* FAC, ¶¶ 13-15. They assert that this gives rise to a claim under UCC § 4A-207(a) based on their erroneous belief that the payment orders' references to a beneficiary other than the actual Account-holder (EA) mean that the payment orders referred to a non-existing or unidentifiable account. *See id.* at ¶ 15. Plaintiffs also attempt to assert a claim under UCC § 4A-207(b). *See id.* at ¶¶ 12-21. Plaintiffs' UCC claim fails for three reasons.

### 1. Plaintiffs' UCC claim fails because they each lack privity with Truist.

Regardless of the subsection at issue, Plaintiffs cannot maintain a claim against Truist under § 4A-207 (CAL. COMM. CODE § 11207) because privity is lacking.[1] Plaintiffs gave instructions to and originated wire transfers from their own banks (BANA and Chase), not Truist. *See* FAC, ¶¶ 8-9. Thus, as every "circuit court to have addressed the issue, and [nearly] every district court to have considered it" have concluded, privity is a necessary element of a § 4A-207 claim. *Studco*, 2025 U.S. App. LEXIS 6999, at *29 (Wynn, J., concurring).[2]

Under the UCC, every wire transfer is made up of a series of payment orders. *See, e.g.*, UCC § 4A-102, official cmt. An "originator" (here, either Nguyen or NT Capital) initiates the first

---

[1] This Court earlier stated in *dictum* that § 4A-207 does not require privity. *See* 2025-03-24 Order, 7 n.5. However, this Court may revisit the point any time before entry of final judgment. *See* FED. R. CIV. P. 54(b); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989).

[2] This Court should adopt the majority view that privity is a required element of any claim under UCC § 4A-207. *See Studco*, 2025 U.S. App. LEXIS 6999, at *15-16; *id.* at *29 (Wynn, J., concurring); *Approved Mortg. Corp. v. Truist Bank*, 106 F.4th 58, 588-92 (7th Cir. 2024); *Grain Traders*, 160 F.3d at 102; *see also Export-Import Bank of the United States v. Asia Pulp & Paper Co.*, 609 F.3d 111, 119 (2d Cir. 2010) (citing commentary published by the UCC's Permanent Editorial Board); *Amplictech Grp., Inc. v. Truist Bank*, 746 F. Supp. 3d 1384, 1387-92 (S.D. Fla. 2024); *Zhejiang Matrix SCM Co. v. PNC Bank, N.A.*, No. 23-979, 2024 U.S. Dist. LEXIS 44671, at *10-11 (E.D. Pa. Mar. 13, 2024); *Cosmopolitan Title Agency, LLC v. JP Morgan Chase Bank, N.A.*, 649 F. Supp. 3d 459, 464 n.6 (E.D. Ky. 2023); *Monarch Air Grp., LLC v. JPMorgan Chase Bank, N.A.*, No. 23-60770, 2023 U.S. Dist. LEXIS 241192, at *17-20 (S.D. Fla. Oct. 6, 2023); *Valley Chili Props., LLC v. Truist Bank*, 705 F. Supp. 3d 768, 772, 773 (W.D. Tex. 2023); *Scura, Wigfield, Heyer, Stevens & Cammarota, LLP v. Citibank, NA*, No. 21-12835, 2022 U.S. Dist. LEXIS 239270, at *5-16 (D.N.J. Oct. 3, 2022); *Levin v. Islamic Republic of Iran*, 523 F. Supp. 3d 14, 21-22 (D.D.C. 2021); *Berry v. Regions Fin. Corp.*, 507 F. Supp. 3d 972, 981 (W.D. Tenn. 2020); *Wellton Int'l Express*, 612 F. Supp. 3d at 364; *Frankel-Ross v. Congregation Ohr Hatalmud*, No. 15-6566, 2016 U.S. Dist. LEXIS 128342, at *10-11 (S.D.N.Y. 2016); *Nova Mar. B.V.I., Ltd. v. Transvast Shipping Co. Ltd.*, No. 08-6869, 2009 U.S. Dist. LEXIS 117409, at *6 (S.D.N.Y. Dec. 16, 2009). Undersigned counsel is aware of only three federal decisions embracing the wrongly decided minority view. *See Elkin Valley Baptist Church v. PNC Bank, N.A.*, 748 F. Supp. 3d 293, 316-17 (W.D. Pa. Sept. 10, 2024); *Compressed Air Corp. v. Citibank, N.A.*, No. 24-20267, 2024 U.S. Dist. LEXIS 238088, at *6-7 (S.D. Fla. June 7, 2024); *Wheels Invs., LLC v. Wells Fargo Bank, N.A.*, No. 19-658, 2021 U.S. Dist. LEXIS 259136, at *5-7 (M.D. Fla. Apr. 29, 2021).

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

6

payment order. *See* UCC § 4A-104(c) (CAL. COMM. CODE §11104(c)). The originator's bank (BANA for Nguyen, Chase for NT Capital) receives that payment order, thus completing the first payment order in the series. *See* UCC § 4A-104(d) (CAL. COMM. CODE § 11104(d)). The originator's bank then initiates the second payment order—payment to the beneficiary's bank. *See* UCC § 4A-103(a)(3) (CAL. COMM. CODE § 11103(a)(3)). Finally, the beneficiary's bank (Truist) accepts the second payment order in the series and then must post the wired funds to the beneficiary's account. *See* UCC §§ 4A-209(b), 4A-404 (CAL. COMM. CODE §§ 11209(b), 11404). The payment orders constituting the wire transfers at issue can be visually depicted as follows:

**The Nguyen Wire Transfer**



**The NT Capital Wire Transfer**



Understanding the component parts of a wire-transfer is crucial to understanding the UCC privity requirement. Plaintiffs assert claims under UCC § 4A-207, which governs the circumstances under which a beneficiary's bank may accept a payment order that refers to the beneficiary by both account number and name, where the stated account number and name refer to different persons. However, that provision does not state what happens when a beneficiary's bank improperly accepts

7

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

such a payment order. In that circumstance, one must look to UCC § 4A-402 for the remedy. *See* UCC § 4A-207, official cmt. 2; *Studco*, 2025 U.S. App. 6999, at *27-28 (Wynn, J., concurring); *Wellton Int'l Express*, 612 F. Supp.3d at 364 (recognizing that UCC § 4A-402 "provides the remedial scheme" for a violation of UCC § 4A-207). Section 402 states: "If the sender of a payment order pays the order and was not obliged to pay all or part of the amount paid, the bank receiving payment is obliged to refund payment to the extent the sender was not obliged to pay." UCC § 4A-402(d).

Here, Plaintiffs appear to labor under the misconception that Truist was "the bank receiving payment." Not so. As to Nguyen, BANA was the receiving bank. As to NT Capital, Chase was the receiving bank. If Plaintiffs are entitled to wire-transfer refunds, then they may seek those refunds from their own banks—not Truist. *See Studco*, 2025 U.S. App. 6999, at *28 (Wynn, J., concurring) ("The catch is that the UCC defines the receiving bank … as the bank to which the sender's instruction is addressed—which, from [the plaintiff's] perspective, is [its own] bank, … *not* [the beneficiary's bank]. So [the plaintiff] must recover from [its own bank, which] must recover from [the beneficiary's bank]." (citation omitted)). Simply put, UCC Article 4A does not permit wire-transfer originators to seek recovery directly from the beneficiary's bank.

As the Second Circuit has noted, "there are sound policy reasons for limiting the right to seek a refund to the sender who directly paid the receiving bank." *Grain Traders*, 160 F.3d at 102. Most notably:

> To allow a party to, in effect, skip over the bank with which it dealt directly, and go to the next bank in the chain would result in uncertainty as to rights and liabilities, would create risk of multiple or inconsistent liabilities, and would require … banks [that have no relationship with the wire-transfer originator] to investigate the financial circumstances and various legal relations of the other parties to the transfer.

*Id.* Indeed, allowing such claims "would impede the use of rapid electronic funds transfers in commerce by causing delays and driving up costs." *Id.*

Last year, the Seventh Circuit reached the same conclusions in *Approved Mortgage*. The Court recognized that § 4A-402 provides the remedy for a violation of § 4A-207, concluded that privity is a necessary element of a claim under § 4A-207, and expressly held that a wire-transfer originator cannot recover from a beneficiary's bank because privity is lacking. *See See* 106 F.4th

8

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

at 590-91.  The circuit court further held that such a plaintiff wire-transfer originator may instead seek a refund from its own bank.  *See id.* at 592 ("If acceptance could not occur under Section 207, [plaintiff's bank,] BankUnited, not Truist, had the obligation to refund [the originator,] MVP Title, and Truist was only obligated to refund BankUnited.").  Furthermore, last month, in *Studco*, the Fourth Circuit agreed, holding that disregard of the UCC privity requirement "would impede the use of rapid electronic funds transfers in commerce by causing delays and driving up costs."  2025 U.S. App. LEXIS 6999, at *16.

This Court should follow suit.  Although it appears that no court has addressed this issue as a matter of California law, a national majority of federal courts require privity for claims under UCC § 4A-207(a) and (b), from which California Commercial Code §§ 11207(a) and (b) were adopted *verbatim*.  *See* footnote 3, *supra*; *compare* UCC § 4A-207, *with* CAL. COMM. CODE § 11207.  Thus, UCC case law from other jurisdictions, addressing the same issue under UCC § 4A-207, are particularly persuasive.  *See Turbinator, Inc. v. Super. Ct.*, 33 Cal. App. 4th 443, 450 n.4 (1995) ("It is generally recognized that uniformity in construction of the code provisions in the various states is highly desirable, and that decisions from other states constitute strong persuasive authority.").

Here, with respect to the at-issue wire transfers, each Plaintiff may seek recovery only from the bank to which his or its funds transfer instructions were addressed: as to Nguyen, BANA, and as to NT Capital, Chase.  Those banks may in turn seek recovery from Truist.  Plaintiffs may not. They cannot recover directly from Truist, so their UCC claim fails as a matter of law.[3]

**2.    Plaintiffs' claim under UCC § 4A-207(a) otherwise fails because the Account was existing and identifiable.**

Plaintiffs assert a claim against Truist under UCC § 4A-207(a) (CAL. COMM. CODE § 11207(a)), but concede that each payment order referred to the Account by its account number.

---

[3]  In an apparent attempt to sidestep the privity requirement, Plaintiffs again allege that they (rather than their banks) sent payment orders to Truist.  *See* FAC, ¶ 12.  The Court need not accept that utterly implausible allegation.  *See Hartman v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1057 (9th Cir. 2008) (holding that a district court "ruling on a motion to dismiss … need not accept as true conclusory allegations, nor make unwarranted deductions or unreasonable inferences").  As explained above, a wire-transfer originator provides instruction and payment to its own bank, which in turn transmits instruction to and stands in privity with the beneficiary's bank.  *See* UCC §§ 4A-103(a)(3), 4A-104(c)-(d) (CAL. COMM. CODE §§ 11103(a)(3), 11104(c)-(d)).

9

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

*See, e.g.*, FAC, ¶ 13 ("The Payment Orders for both transactions were … specifically sent to an account with account number X0438[.].").  Nevertheless, Plaintiffs assert that those payment orders referred to an "unidentifiable account or person."  *Id.* at ¶ 15.  They thus assert that "[n]o person has rights to the Payment Orders" and that the wire-transferred funds "must be returned to Plaintiffs."  *Id.* at ¶ 22.

Plaintiffs are wrong on the law.  UCC § 4A-207(a) simply does not apply here.  Insofar as it addresses the responsibilities of a beneficiary's bank, § 4A-207(a) provides:

> (a) ***Subject to subsection (b)***, if, in a payment order received by the beneficiary's bank, the name, bank account number, or other identification of the beneficiary refers to a nonexistent or unidentifiable person or account, no person has rights as a beneficiary of the order and acceptance of the order cannot occur.

> (b) If a payment order received by the beneficiary's bank identifies the beneficiary both by name and by an identifying or bank account number and the name and number identify different persons, the following rules apply:

> (1) . . . if the beneficiary's bank does not know that the name and number refer to different persons, it may rely on the number as the proper identification of the beneficiary of the order.  The beneficiary's bank need not determine whether the name and number refer to the same person.

(Emphasis added).

Because subsection (a) is expressly "[s]ubject to subsection (b)," subsection (a) cannot be read in a vacuum.  As the Ninth Circuit has explained:

> Section 11207(a) prohibits acceptance of wire transfer payment orders  where 'the name, bank account number, or other identification of the beneficiary refer to a nonexistent or unidentifiable person or account,' ***but the prohibition is explicitly subject to subdivision (b) of the same statute.***  And section 11207(b) plainly permits beneficiary banks to accept wire transfers where the payment order 'identifies the beneficiary both by name and by an identifying or bank account number, and the name and number refer to different persons'—meaning that there is a mismatch between the name and number—so long as the number identifies an account held at the bank …."

*Grand Bayman Belize*, 2022 U.S. App. LEXIS 1410, at *2-3 (emphasis added);

Read together, subsections (a) and (b) defeat Plaintiffs' theory of liability.  Where, as here, a wire-transfer payment order refers to a beneficiary by both account number and name, the beneficiary's bank may rely exclusively upon the stated account number.  *See* UCC § 4A-207(b)(1).

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
TRUIST BANK'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Further, the beneficiary's bank may process that payment order by automated means. *See* UCC § 4A-207, official cmt. 2 ("A very large percentage of payment orders issued to the beneficiary's bank by another bank are processed by automated means using machines capable of reading orders on standard formats that identify the beneficiary by an identifying number or the number of a bank account. The processing of the order by the beneficiary's bank and the crediting of the beneficiary's account are done by use of the identifying or bank account number without human reading of the payment order itself."). If a beneficiary's bank processes a payment order by automated means and exclusive reference to the beneficiary account number, which is an existing and identifiable account, the bank has not violated § 4A-207. *See Grand Bayman Belize*, 2022 U.S. App. LEXIS 1410, at *2-3 ("[S]ection 11207(b) plainly permits beneficiary banks to accept wire transfers where the payment order 'identifies the beneficiary both by name and by an identifying or bank account number and the name and number identify different persons'—meaning there is a mismatch between the name and number—so long as the number identifies an account held at the bank, and the bank has no actual knowledge of the mismatch." (citation omitted)); *TME Enters., Inc. v. Norwest Corp.*, 124 Cal. App. 4th 1021, 1031 (2004) (holding that UCC § 4A-207(a) yields to § 4A-207(b) and thus does not apply in such circumstances); *cf. Harrington v. PNC Bank, N.A.*, 684 F. Supp. 3d 631, 635 (E.D. Mich. 2023) (holding that beneficiary's bank "had no duty to rely on or consider the account name in the payment order since it could rely solely on the account number by statute").

Here, Plaintiffs' § 4A-207(a) claim fails because Plaintiffs concede that each payment order directed payment to the Account by its account number. *See* FAC, ¶ 13. Thus, subsection (a) does not apply to the facts alleged. *See Grand Bayman Belize*, 2022 U.S. App. LEXIS 1410, at *2-3; *Harrington*, 684 F. Supp. 3d at 635; *TME Enters.*, 124 Cal. App. 4th at 1031. Moreover, the Account existed and was identifiable, as evidenced by the Account's existence and Truist's ability to post the wire-transferred funds to it. *See* FAC, ¶ 14 ("The account with the account number X4038 was held under the name of [EA]."). Because the referenced account number was existing and identifiable, Truist "permissibly completed the transaction[s]" and bears no liability for doing so under § 4A-207(a). *See Grand Bayman Belize*, 2022 U.S. App. LEXIS 1410, at *2-3.

11

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

### 3.    Plaintiffs' claim under UCC § 4A-207(b) fails for both procedural and substantive reasons.

#### (a)    Plaintiffs did not properly assert their § 4A-207(b) claim.

As a threshold matter, Plaintiffs' claim under UCC § 4A-207(b) fails because it is not properly asserted.  That claim appears under the following heading:

FIRST CAUSE OF ACTION
CAL. COMM. CODE SECTION 11207(a)
(Against All Defendants)

FAC, p. 4; *see also id.* at ¶¶ 18-22.  It was improper for Plaintiffs to attempt to backdoor a claim under UCC § 4A-207(b) when facially asserting a claim only under UCC § 4A-207(a).  *See Motallebi*, 2020 U.S. Dist. LEXIS 265713, at *6 ("Combining separate legal claims under one cause of action is improper under Rule 8."); *see also, e.g.*, *Gardner v. Sage Ridge Sch.*, 24-403, 2025 U.S. Dist. LEXIS 19829, at *12-14 (D. Nev. Feb. 4, 2025) ("The Court finds that Gardner has violated Rules 8 and 10 by combining together multiple claims into one cause of action.").  Thus, those claims should be dismissed with prejudice for the reasons below.

#### (b)    Plaintiffs' UCC § 4A-207(b) claim fails because Plaintiffs do not sufficiently allege that Truist had "actual knowledge" of a misdescribed beneficiary when it accepted the subject Payment Orders.

As to UCC § 4A-207(b), the Court dismissed the original Complaint because it contained "no allegations that Truist had actual knowledge of the [alleged] discrepancy between the account name and the account number" in the subject wire-transfer payment orders.  2025-03-24 Order, 7; *see also id.* at 2 ("No such knowledge is alleged here.").  The FAC should be dismissed for the same reason.  Although Plaintiffs added several paragraphs to their FAC, none of those new paragraphs (some of which are pleaded only on information and belief) supports Plaintiffs' claim.  Plaintiffs baldly assert, on nothing more than information and belief, that Truist "had actual knowledge that the beneficiary's name on the Payment Orders did not match, or even resemble, the name of the account into which the funds [were] deposited."  FAC, ¶ 17.  They also assert on information and belief that Truist "had a system in place that indicates actual knowledge of a variance between the name and number on the wire transfers herein at issue as well as numerous

12

security procedures to prevent fraudulent accounts in their bank." *Id.* at ¶ 18. Finally, Plaintiffs point to their belief that Truist, following the transfers: froze the Account; received their and their banks' outreach about wire-transfer recall requests; and neither complied with those recall requests nor told "Plaintiffs where their money went." *Id.* at ¶¶ 18-19.

Whether considered individually or in the aggregate, those allegations are insufficient. As discussed in Section III.B.2, *supra*, a beneficiary's bank may processes a wire-transfer payment order by automated means (i.e., without human intervention) and exclusive reference to the account number stated therein. "The beneficiary's bank need not determine whether the [beneficiary] name and number [appearing in a payment order] refer to the same person." *Id.* Thus, § 4A-207 protects the beneficiary's bank from liability when it posts funds to the account specified by a number in a payment order, even if the beneficiary's name does not match, so long as the bank "does not know that the name and number refer to different persons." UCC § 4A-207(b)(1). The beneficiary's bank has "no duty" at all "to determine whether there is a conflict" between the beneficiary account number and name stated in a payment order, and the bank "may rely on the number as the proper identification of the beneficiary." *Id.*

Again, in this context, "'Knowledge' means actual knowledge," and the word "'Knows' has a corresponding meaning." UCC § 1-202(b) (CAL. COMM. CODE § 1202(b)). Thus, a plaintiff who asserts a claim under UCC § 4A-207(b) must allege facts from which the Court may infer that the defendant beneficiary's bank actually knew of a misdescribed beneficiary at the time it accepted the subject payment order. *See id.*; UCC § 4A-207(b); *TME Enters.*, 124 Cal. App. at 1033 (holding that "[c]onstructive knowledge … is insufficient to establish a violation of" UCC § 4A-207(b)); *see also* UCC § 4A-207, official cmt. ("The time of payment is the pertinent time at which knowledge or lack of knowledge must be determined.").

Here, Plaintiffs' allegation fall far short of the governing standard. Plaintiffs cannot rely on conclusory allegations, even those supposedly based on information and belief. *See Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917, 926-27 (9th Cir. 2013) (holding that conclusory allegations made on information and belief "are insufficient to state a claim"); *Menzel v. Scholastic, Inc.*, No. 17-5499, 2018 U.S. Dist. LEXIS 44833, at *5 (N.D. Cal. Mar. 19, 2018) ("[W]hile facts may

13

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

be alleged upon information and belief, that does not mean that conclusory allegations are permitted. A conclusory allegation based on information and belief remains insufficient under *Iqbal/Twombly*."). Thus, this Court should disregard Plaintiffs' bald statement that Truist "had actual knowledge that the beneficiary's name on the Payment Orders did not match, or even resemble, the name of the account into which the funds [were] deposited." *Id.* at ¶ 17. Plaintiffs do not unlock the doors to discovery by parroting the words "actual knowledge." They must do more than assert "that an inconsistency existed" and "that, therefore, [Truist] somehow knew of it." *Meridian Growers Processing, Inc. v. JPMorgan Chase Bank, N.A.*, No. 24-781, 2024 U.S. Dist. LEXIS 175846, at *11 (E.D. Cal. Sept. 26, 2024). Such allegations are plainly insufficient. *See id.*; *see also id.* at *12-13 ("[E]ven if in some circumstances such a disconnect may expose a bank to liability for processing a wire transfer, plaintiffs must still plausibly allege that the bank was aware of the difference between the designated beneficiary of the wire transfers and the name on the account. The FAC fails to do so." (citation omitted)).

Next, actual knowledge does not arise from the allegation (again made only on information and belief) that Truist maintains a "system … that indicates … a variance between the name and number on the wire transfers herein at issue." FAC, ¶ 18. If "data is merely stored electronically and not reviewed manually," the mere existence of such data does not support the inference of actual knowledge. *Squeeze Me Once, LLC v. SunTrust Bank*, 630 F. Supp. 3d 763, 775 (M.D. La. 2022); *see also Studco*, 2025 U.S. App. LEXIS 6999, at *7-8, *19. Instead, a bank employee must review that data. Concluding otherwise would ignore the UCC's edict that "[t]he beneficiary's bank need not determine whether the name and number refer to the same person." UCC § 4A-207(b)(1); *see also Studco*, 2025 U.S. App. LEXIS 6999, at *20 ("Studco nonetheless contends that 1st Advantage's failure to maintain reasonable routines that would have prevented the transactions in this case imputes to 1st Advantage the knowledge required by [§ 4A-207(b)]. But this argument fails to recognize that [§ 4A-207(b)] specifies that a bank may rely on the account number, and the Official Commentary further explains that the beneficiary's bank has 'no duty to determine whether there is a conflict' between the account number and the name of the beneficiary. The beneficiary's bank therefore has no duty to adopt reasonable routines to check for conflicting names." (citations

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

omitted)).  Again, Plaintiffs' allegations, even if accepted as true, do not sufficiently demonstrate "actual knowledge."  At most, they lead to an inference of constructive knowledge, which is not legally sufficient.

Further, Plaintiffs' references to acts that occurred after Truist accepted the subject payment orders are irrelevant to their UCC claim.  *See* FAC, ¶¶ 18-19.  Again, "[t]he time of payment is the pertinent time at which knowledge or lack of knowledge must be determined."  UCC § 4A-207, official cmt. 2.  Thus, the Court should disregard Plaintiffs' references to the alleged post-transfer freeze of the Account, to post-transfer communications about recall requests, or to Truist's alleged post-transfer refusal to provide funds-tracing information.  *See id.*; *see also Lucky Star Enters. III, LLC v. Wells Fargo Bank, N.A.*, 585 F. Supp. 3d 1297, 1302 (W.D. Wash. 2022) (dismissing § 4A-207(b) claim because plaintiff did not allege "Wells Fargo's contemporaneous knowledge" and thus provided "no basis for the court to infer that Wells Fargo had actual knowledge of the mismatch at the time of the funds transfer"); *Squeeze Me Once*, 630 F. Supp. 3d at 774 (holding that liability arises under § 4A-207(b) only where beneficiary's bank has actual knowledge "of the conflicting account name and number ***prior to*** payment of the wire" (emphasis added)).

In sum, Plaintiffs have not alleged that Truist actually knew of a misdescribed beneficiary when it processed the subject payment orders.  Plaintiffs have, at best, demonstrated that Truist may have had imputed or constructive knowledge of a misdescribed beneficiary.  However, in this context, imputed or constructive knowledge is insufficient as a matter of law.  *See* UCC § 1-202(b); *see also, e.g.*, *Studco*, 2025 U.S. App. LEXIS 6999, at *14; *TME Enters.*, 124 Cal. App. at 1033.  Thus, because "actual knowledge of [a] discrepancy in the wire transfer [payment orders] is not adequately pled," 2025-03-24 Order, at 7, this Court should dismiss the FAC.  Plaintiffs should not be rewarded for trying to paint themselves into the four corners of this Court's earlier dismissal order when, in effect, the FAC "merely" and insufficiently "asserts that an inconsistency existed and assumes that, therefore, [Truist] somehow knew of it[.]"  *Meridian Growers*, 2024 U.S. Dist. LEXIS 175846, at *11.

### 4.     Plaintiffs do not state a cognizable claim for breach of a duty of ordinary care.

For the reasons above, Plaintiffs fail to properly assert a claim for breach of a duty of ordinary care, as that claim is limited to one paragraph included under the heading for Plaintiffs' UCC § 4A-207(a) claim. *See* Section III.B.3.a, *supra*. In any event, that claim fails on the merits and should be dismissed with prejudice.

Any common law ordinary care claim is displaced by UCC Article 4A (California Commercial Code division 11). *See* 2025-03-24 Order, 4-6 (dismissing negligence and money had & received claims as displaced); *see also Attisha Enters.*, 505 F. Supp. 3d at 1057-58 (dismissing "ordinary care" claim because UCC Article 4A "sets forth duties, allocation of risk, and remedies that displace common law causes of action in the circumstances applicable here"). Plaintiffs specifically fault Truist for failing "to refuse the Payment Orders into account number X0438 …." FAC, ¶ 17. However, as this Court held once already, "Division 11 [(UCC Article 4A)] specifically addresses when a receiving bank may be liable for accepting a payment order." *Id.* at 5. The same applies here. The UCC addresses a beneficiary's bank's obligations upon receipt of a wire-transfer payment order. *See* UCC §§ 4A-207, 4A-402 (CAL. COMM. CODE §§ 11207, 11402). This Court should reject Plaintiffs' attempt to impose additional and inconsistent obligations Insofar as Plaintiffs now attempts to impose additional a negligence standard of care (i.e., the exercise of ordinary care) where the governing UCC provisions do not, Plaintiffs' claim is inconsistent with the UCC, and it must be dismissed.[4]

Further, Truist owed Plaintiff no duty to either return the wire-transferred funds or "inform Plaintiffs where [those funds] went." FAC, ¶ 18. Because Truist correctly accepted Plaintiffs'

---

[4] Notably, the UCC's drafters chose not to impose "ordinary care" obligations on a beneficiary's bank in this context. When the UCC's drafters wanted to impose "ordinary care" obligations in Article 4A, they did so expressly. *See* UCC §§ 4A-204(a), 4A-205(b), 4A-304 (CAL. COMM. CODE §§ 4A-204(a)), 4A-205(b), 4A-304) (referring to customer's duty to exercise ordinary care to determine whether funds transfer was authorized or erroneously executed, and to timely dispute unauthorized transfers with customer's bank); UCC § 4A-302(b) (CAL. COMM. CODE § 4A-302(b)) (imposing obligation on originator's bank to exercise ordinary care in selection of intermediary bank). This Court should not impose an ordinary care duty where the UCC does not. Instead, this Court should reject the imposition of such a duty, as banks owe no duty of care to non-customers. *See* 2025-03-24 Order, 6 n.3 ("Defendants contend that dismissal with prejudice is appropriate here because, except in rare circumstances, banks do not owe any duty of care to noncustomers for purposes of negligence-based claims. The Court agrees." (citation omitted).

16

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

banks' payment orders, Truist had no UCC-based duty to return the wire-transferred funds.  Further, Truist had no other statutory or common-law duty to return those funds.  Once Truist accepted each payment order, title to the wire-transferred funds passed to Truist's Account-holder, EA.  *See Bayerische*, 144 A.D.3d at 502 ("[O]nce the order was accepted, the funds became the property of the beneficiary[.]"); *AG4 Holding*, 98 Va. at 102 ("Plaintiffs no longer had the right to possession of the funds at the very instant [the beneficiary's bank] accepted the payment order, even if fraud was involved.").   Thus, Plaintiffs were required to satisfy California's adverse claim statute, California Finance Code § 1450, before Truist had to recognize—let alone act on—their respective claims to the wire-transferred funds.  *See* CAL. FIN. CODE § 1450; *MUR Shipping*, 2019 U.S. Dist. LEXIS 111716, at *9 (dismissing claim because plaintiff had not complied with § 1450).[5]  Because Truist did not owe Plaintiff any duty to either return the wire-transferred funds or explain to Plaintiffs what happened, Truist did not breach a duty of ordinary care by "failing" to take such action.

Plaintiffs have not stated any claim against Truist upon which relief may be granted, and they certainly have not stated any claim for breach of a duty of ordinary care.  This claim, like all others asserted against Truist in this action, should be dismissed with prejudice.

## IV.     CONCLUSION

For the reasons above, Truist respectfully requests that the Court grant its Motion and dismiss the FAC with prejudice.  Plaintiffs have not stated any cognizable claim against Truist and cannot amend to do so.  Insofar as Plaintiffs wish to file a Second Amended Complaint, they should direct that pleading to either to EA (which allegedly received the funds) or their own banks.  *See Studco*, 2025 U.S. App. LEXIS 6999, at *15-16; UCC §§ 4A-207(c), (d).

---

[5]  Truist raised the same argument upon the Complaint, but the Court dismissed the Complaint without addressing this argument.  *See generally* Mot. to Dismiss; Mem. of Points & Authorities; 2025-03-24 Order.  Of course, the Court's dismissal on other bases does not rob this argument of merit.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

17

DATED: April 15, 2025

Respectfully submitted,

BALLARD SPAHR LLP

By: */s/ Melanie Vartabedian*

John D. Sadler (admitted *pro hac vice*)
Melanie Vartabedian (SBN 278181)
Elliott Johnson (SBN 317303)

*Counsel for Defendant, Truist Bank
(erroneously sued as "Truist Bank, NA")*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
TRUIST BANK'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT