UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NT CAPITAL MANAGEMENT LLC, et al., | Case No. 2:24-cv-09461-HDV-AJR |
| Plaintiffs, | **ORDER DENYING DEFENDANT TRUIST BANK'S MOTION TO DISMISS [38]** |
| v. | |
| TRUIST BANK, NA, | |
| Defendant. | |

1

## I.    INTRODUCTION

This action arises out of two wire transfers involving a discrepancy between the account *name* and the account *number*.  Plaintiffs NT Capital Management LLC ("NT Capital") and Tien Dun Nguyen (collectively, "Plaintiffs") allege that they wired money from their banks to an account maintained at Defendant Truist Bank, NA ("Truist").  Unbeknownst to Plaintiffs, the account number given to them did not correspond to the investment entity from which they intended to receive the funds.  Plaintiffs now bring this action against Truist contending that the bank should have been more diligent in spotting the mismatch and reversing the transactions.  To that end, Plaintiffs assert a violation of California Commercial Code § 11207(a).

Before the Court is Truist's Motion to Dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  ("Motion") [Dkt. No. 38].   For the reasons discussed below, the Court denies the Motion.  California has made a policy decision to immunize banks for mismatch errors in wire transfers where there is no "actual knowledge" that "the [beneficiary's] name and [account] number identify different persons." *TME Enterprises, Inc. v. Norwest Corp.*, 124 Cal. App. 4th 1021, 1033 (2004).  Plaintiffs have pled actual knowledge that Truist was aware of the discrepancy in the account name and the account number.  The FAC survives.

## II.    BACKGROUND

On August 3, 2023, Nguyen directed his bank, Bank of America, N.A., to send $420,000.00 via electronic wire funds to the "Composite Ventures Hero LLC" account at Truist Bank, with an account number ending in x0438 (the "Account").  First Amended Complaint ("FAC") ¶¶ 8, 13 [Dkt. No. 36].  On that same day, NT Capital Management LLC, under the direction of Nguyen's son, also transferred $630,035.00 via electronic wire funds from its business account at JP Morgan Chase Bank, N.A. to the same Account. *Id.* ¶ 9.

Plaintiffs later discovered that the account ending in x0438 was actually registered under the name "EA Engineering Services." *Id*. ¶ 14.  Upon realizing the wire transfers were made to an unidentifiable account or person, Nguyen immediately contacted Bank of America and Truist Bank to demand a return of the funds and a recall of the wire transfer. *Id.* ¶¶ 8, 15.  NT Capital Management LLC promptly contacted Chase Bank and Truist Bank for the same purpose. *Id.* ¶ 9.

2

Plaintiffs allege that Truist had actual knowledge that the beneficiary's name on the payment orders did not match or resemble the name of the account into which the funds were deposited. *Id*. ¶ 17. Plaintiffs also allege that several circumstances gave Defendants actual knowledge that fraud was occurring within their bank and that Plaintiffs were the victims. *Id*. ¶ 18. These circumstances include, but are not limited to: immediate contact by Plaintiffs and their banks to recall the payment orders; Truist's freezing the account in question; Defendants denying all recall requests; and Truist refusing to disclose the whereabouts of the $1,050,035.00, despite having exclusive knowledge of that information. *See id*.

On November 21, 2024, Truist filed a motion to dismiss this case. [Dkt. No. 18]. On March 24, 2025, the Court granted the motion to dismiss, dismissing the common law claims with prejudice and the California Commercial Code § 11207(a) claim without prejudice. *See* Order Granting Truist's Motion to Dismiss ("Order") [Dkt. No. 35]. In the Court's Order, the Court found that because Plaintiffs' complaint lacked allegations that Truist had actual knowledge of the discrepancy between the account name and the account number, the claim was rightfully dismissed.

On April 1, 2025, Plaintiffs filed the FAC with a single claim under California Commercial Code § 11207(a). *See* FAC. Truist then filed the present Motion to Dismiss seeking dismissal of the FAC with prejudice. *See* Motion. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the Motion appropriate for decision without oral argument and took the Motion under submission. [Dkt. No. 46].

## III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may seek to dismiss all or portions of a complaint for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Generally, a court must accept the factual allegations in the pleadings as true and view them

3

in the light most favorable to the plaintiff. *Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Only where a plaintiff fails to "nudge[ ] [his or her] claims ... across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Iqbal*, 556 U.S. at 680.

A properly pled complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. In other words, dismissal under Rule 12 is proper only when a complaint exhibits either a "lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

## IV. DISCUSSION

Truist moves to dismiss the FAC on the grounds that Plaintiffs lack privity with Truist, the account was "existing and identifiable," and that Plaintiffs did not sufficiently allege "actual knowledge" or a breach of duty of ordinary care. Motion at 6-9. None of these arguments justifies dismissal based on the pleadings.

First, the Court has already addressed the privity issue in its prior order finding that "courts interpreting Section 11207(a) and (b) have not applied privity as a requirement in this context since doing so would amount to complete and total immunity. Indeed, were it applicable, Section 11207(b) would be rendered superfluous since these transactions (included the ones in the district court decisions cited above) almost all involve wire transfers by non-customers to a different receiving bank." Order at 7 n.5. Truist nonetheless suggests that this Court should adopt the majority view that privity is a required element of any claim under UCC §4A-207. Motion at 6 n.2. But Truist does not, nor can it, point to a single Ninth Circuit case holding that privity is a required element of a UCC §4A-207 claim. The Court declines to reverse course from its previous order.

Next, Truist's argument that the account was "existing and identifiable" lacks merit. This contention rests on the safe harbor provision in Section 11207(b), which provides immunity to a beneficiary's bank that relies solely on the account number in a wire transfer order *if* the bank does not have actual knowledge that the account number and named beneficiary refer to different persons.

*See TME Enterprises*, 124 Cal. App. 4th at 1030–31.  As this Court has recognized, actual knowledge is required to defeat the safe harbor.  Order at 6-7.  And, as discussed below, Plaintiffs' First Amended Complaint meets this pleading standard.  *See* FAC ¶¶ 16-18.

And finally, Truist argues that Plaintiffs failed to allege actual knowledge and cannot state a claim for breach of the duty of care.  But at the pleading stage Plaintiffs need only allege plausibly that Truist had actual knowledge—they are not required to offer facts or evidence to support it.  The FAC satisfies this element.  Plaintiffs' FAC alleges that Truist implemented multiple security measures designed to detect fraudulent accounts, and that there were special circumstances giving rise to actual knowledge of the fraud, including immediate recall requests from Plaintiffs' bank, which Truist denied.  *See* FAC ¶ 18.  These allegations are sufficient to withstand a motion to dismiss.[1]

**V.    CONCLUSION**

For the foregoing reasons, the Court denies the Motion.

Dated: June 17, 2025

Hernán D. Vera
United States District Judge

---

[1] Truist's assertion that Plaintiffs failed to state a claim for breach of the duty of care is misplaced. Plaintiffs do not assert such a claim in the FAC.