Melanie Vartabedian (SBN 278181)
vartabedianm@ballardspahr.com
Elliot Johnson (SBN 317303)
johnsoneg@ballardspahr.com
John D. Sadler (admitted *pro hac vice*)
sadlerj@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Tel: 424.204.4400 | Fax: 424.204.4350

*Attorneys for Defendant Truist Bank
(erroneously sued as "Truist Bank, NA")*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NT CAPITAL MANAGEMENT LLC, a Delaware Limited Liability Company and TIEN DUNG NGUYEN, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>TRUIST BANK, NA, a National Association, and DOES 1 through 20, Inclusive,<br><br>Defendants. | Case No. 2:24-cv-09461-HDV-AJRx<br><br>**REPLY IN SUPPORT OF TRUIST BANK'S MOTION TO CERTIFY DISCRETIONARY APPEAL AND STAY LITIGATION**<br><br>Action Filed: 10/2/2024<br><br>Motion Hearing Date: 8/21/2025<br>Hearing Time:  10:00 a.m.<br>District Judge Hernán D. Vera<br>Magistrate Judge A. Joel Richlin |

## I. INTRODUCTION

As detailed below, this Court should grant Truist's Motion because: (1) Truist disputes a pure question of law that controls the disposition of this matter; (2) a substantial ground for difference of opinion exists; (3) an immediate appeal may materially advance the ultimate termination of this litigation; and (4) during any such appeal, a stay is warranted.[1,2]

## II. ARGUMENT

### A. Truist Disputes A Pure And Controlling Question Of Law

Plaintiffs repeatedly urge this Court to conclude that Truist disputes "the application of settled law to fact and not a controlling question of law." Pls.' Opp'n, 4; *see also id.* at 5. However, Plaintiffs are incorrect. Truist disputes a pure question of law: whether, as a matter of statutory interpretation, a claim under UCC § 4A-207 (CAL. COMM. CODE § 11207) requires privity. *See* Opening Memo., 4; *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983) (stating that whether "privity exists" is a "legal issue"); *People v. Dawkins*, 195 Cal. App. 3d Supp. 1, 6 (S.F. Cnty. Super. Ct. 1987) ("The existence of the relationship of privity is a question of law."); *see also, e.g.*, *Approved Mortg. Corp. v. Truist Bank*, 106 F.4th 582, 589-91 (7th Cir. 2024) (holding as matter of law that claims under UCC § 4A-207 require privity between the parties); *Studco Bldg. Sys. US LLC v. 1st Advantage Fed. Credit Union*, 133 F.4th 264, 278 (4th Cir. 2025) (Wynn, J., concurring) (plainly stating as matter of law that "the UCC's misdescription provision imposes a privity requirement").

Plaintiffs provide no support for their assertion that Truist seeks the application of law to fact. They cannot. Truist seeks review of a legal question that can be determined by reference to the UCC's text, interpretative commentary, and case law. *See Approved Mortg.*, 106 F.4th at 589-91. This question of law for purposes of the interlocutory appeal requires no application of fact.

Moreover, the question for which Truist seeks immediate appellate review is a *controlling*

---

[1] Terms defined in Truist's opening brief (ECF No. 50) are repeated here.

[2] These are the only arguments that Plaintiffs raise in their opposition. Thus, they should be deemed to concede all other points in Truist's opening brief. "Failure to oppose an argument raised in a motion … constitutes waiver of that argument." *Resnick v. Hyundai Motor Am., Inc.*, No. 16-593, 2017 U.S. Dist. LEXIS 67525, at *67 (C.D. Cal. Apr. 13, 2017).

question of law. A legal question is controlling if "reversal on appeal" would prevent further pursuit of the plaintiff's claims. *See Mehedi v. View, Inc.*, No. 21-6374, 2024 U.S. Dist. LEXIS 141363, at *5 (N.D. Cal. Aug. 8, 2024). Plaintiffs do not dispute that a reversal—i.e., the Ninth Circuit's express recognition of a privity requirement for claims under UCC § 4A-207—would terminate this litigation by requiring that the FAC be dismissed with prejudice. *See generally* Opp'n. They cannot. A Ninth Circuit reversal on this UCC privity issue would "materially affect the course" of this litigation, as it would resolve Plaintiffs' sole remaining claim against Truist. *Connex R.R. LLC v. AXA Corporate Sols. Assur.*, No. 16-2368, 2017 U.S. Dist. LEXIS 193923, at *6 (C.D. Cal. Jan. 13, 2017).

**B.   There Is A Substantial Ground For Difference Of Opinion As To Whether Privity Is Required To State A Claim Under UCC § 4A-207**

Plaintiffs argue that there is no substantial ground for difference of opinion because, despite the "litanic list of over 40 cases … cited by" Truist," there is "in this Circuit … no debate." Opp'n, 5. Plaintiffs thus appear to rely on the fact that no other California court has addressed this privity issue yet. However, this Court need not await an intra-circuit conflict before certifying a discretionary appeal. *See W. Coast Stock Transfer, Inc. v. Terra Tech Corp.*, No. 18-1213, 2019 U.S. Dist. LEXIS 74560, at *5 (C.D. Cal. Feb. 14, 2019) (holding that district court "need not wait for intra-circuit … disagreements on the issue if the potential for a substantial ground for difference of opinion may already exist"). The Ninth Circuit unequivocally has stated that "[a] substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). And it is obvious, here, that reasonable jurists might disagree on an issue's resolution. With respect to whether claims under UCC § 4A-207 require privity, this Court stands in stark contrast with the majority of federal courts—including every Court of Appeals that has considered the issue. *See* Opening Br., 5 n.2 (citing, *inter alia*, *Grain Traders* from the Second Circuit Court of Appeals, *Approved Mortgage* from the Seventh Circuit Court of Appeals, and *Studco Building Systems* from the Fourth Circuit Court of Appeals). Thus, this Court need not "await [the] development of contradictory precedent before concluding that" the question at issue

presents "a substantial ground for difference of opinion." *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130-31 (9th Cir. 2022).

Alternatively, this Court should recognize that "'[c]ourts traditionally will find that a substantial ground for difference of opinion exists where … novel and difficult questions of first impression are presented,' as is the case here." *Reese*, 643 F.3d at 688 (quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)). "[W]hen novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Id.* This case involves a novel question among California courts; indeed, this Court is the only California court to issue an opinion on the privity issue. Certainly, fair-minded and reasonable jurists might reach contradictory conclusions, given that at least fifteen courts—including all three circuit courts that have considered the issue—have held that UCC § 4A-207 requires privity, and the Ninth Circuit has yet to consider the issue. Thus, the Court should grant Truist's Motion and certify the pure legal question presented—whether as a matter of statutory interpretation (not as a matter of applying law to fact) claims under UCC § 4A-207 (Cal. Comm. Code § 11207) require privity.

**C.   An Immediate Appeal From This Court's Order Will Materially Advance The Ultimate Termination Of This Litigation**

Plaintiffs argue that an immediate appeal will not materially advance the termination of this litigation. In so doing, they deny the obvious: a Ninth Circuit reversal, recognizing that privity is required to state a claim under UCC § 4A-207 (Cal. Comm. Code § 11207), would mandate the dismissal of Plaintiffs' sole remaining claim against Truist with prejudice, as there is no set of facts that Plaintiffs could allege to cure this defect. A wire-transfer originator (here, each Plaintiff) lacks privity with the beneficiary's bank (here, Truist), and, thus, cannot maintain a UCC § 4A-207 claim against the beneficiary's bank. *See Grain Traders v. Citibank, N.A.*, 160 F.3d 97, 101 (2d Cir. 1998) (concluding that the UCC's drafters intended the privity requirement to limit claims for return of wire-transferred funds "so that it applies only between the parties to a particular payment order and not to the parties to the funds transfer as a whole"); *see also Approved Mortg.*, 106 F.4th at 591-92 ("This conclusion that Article 4A's drafters intended to impose a privity requirement is

consistent with the stated purposes of Article 4A. The privity requirement advances the UCC drafters' goal of promoting certainty and finality so that the various parties to funds transfers will be able to predict risk with certainty and make decisions based on these known risks. To allow a party to, in effect, skip over the bank with which it dealt directly, and go to the next bank in the chain would result in uncertainty as to rights and liabilities, and create a risk of multiple or inconsistent liabilities." (citations, quotation marks, and brackets omitted)). Thus, as to Truist, this litigation would come to an end. Thereafter, Plaintiffs can pursue their own banks to whom they issued the payment orders, and they can seek non-party discovery from Truist in that action related to the identity of the alleged fraudster.

Plaintiffs argue that certain "mysteries will be solved in upcoming discovery and the requested but yet to be received Rule 26 Disclosures." *See* Opp'n, 6. Of course, this point is wholly irrelevant to this Court's consideration of a discretionary appeal under 28 U.S.C. § 1292(b). It does not bear on any of the factors that this Court must consider. However, and in any event, Plaintiffs are wrong to argue that their desire for discovery allows disregard of the UCC's privity requirement for claims under 4A-207. Truist seeks an immediate appeal because Plaintiffs have not stated (and cannot state) a claim under UCC § 4A-207 upon which relief can be granted against Truist. Because Plaintiffs have not stated such a claim in this case, they are not entitled to any discovery *in this proceeding*. *See Biro v. Keyes*, No. 21-6835, 2022 U.S. Dist. LEXIS 235946, at *16 (C.D. Cal. Nov. 10, 2022) (holding that "the allegations of a complaint must state the requisite elements of a claim before forcing the parties to undergo the expense of discovery"); *see also, e.g.*, *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1178 (9th Cir. 2021) ("[P]leadings must assert well-pleaded factual allegations to advance to discovery."). Indeed, "[t]he purpose of [Federal Rule of Civil Procedure 12(b)(6)] is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co v. E. & J. Gallo Winery*, 823 F.3d 729, 738 (9th Cir. 1987). Thus, where a complaint "fail[s] to establish the elements of a cause of action … requiring costly and time consuming discovery and trial work would represent an abdication of [the Court's] judicial responsibility." *Id.* (citation and quotation marks omitted).

Plaintiffs also argue that "[t]his litigation will not end if an interlocutory appeal is [allowed]

4
REPLY IN SUPPORT OF TRUIST BANK'S MOTION TO CERTIFY DISCRETIONARY APPEAL AND STAY LITIGATION

because … questions must be answered, not just for Plaintiffs in this case, but for every "victimized plaintiff in these cases that arise with some frequency[.]" Opp'n, 6 (citation and brackets omitted). That argument ignores that Plaintiffs may not seek discovery *in this proceeding* unless and until they have stated a claim upon which relief can be granted against Truist—which they have not done. Furthermore, this is not a class action. Plaintiffs are not asserting claims on behalf of others and may not seek discovery on behalf of alleged "victims" of unrelated wire-transfers, none of whom are parties to this action, and on whose behalf Plaintiffs lack standing to prosecute claims. *See Midland Inv. Co. v. Van Alstyne, Noel & Co.*, 59 F.R.D. 134, 141 (S.D.N.Y. 1973) ("We will not compel answers to inquiries directed to transactions between the parties other than those which are the subject of complaint." (quoting *Nagel v. Prescott & Co.,* 36 F.R.D. 445, 448 (N.D. Ohio 1964)).

### D.     A Stay Is Warranted During Any Discretionary Appeal

Finally, Plaintiffs oppose a stay during the pendency of any discretionary appeal. They rest on three arguments: *first*, they argue that Truist has not shown a likelihood of success on appeal; *second*, they argue that Truist will not suffer irreparable injury, and instead will face "justice"; and *third*, they argue that the public interest lies in preserving this Court's dismissal rulings.

Truist has, in fact, shown a likelihood of success on the merits, as the majority of courts to consider the privity issue have held that privity is required to assert a claim under UCC § 4A-207. *See* Opening Br., 12. However, as Truist earlier argued, "even if this Court disagrees that Truist has a 'strong showing' of likely success on the merits, any lesser 'probability of success is balanced by the irreparable injury [Truist] would suffer in the absence of a stay"—meaning needless litigation expense. *See id.* (citation omitted). That is why other courts stay litigation pending discretionary appeals, to ensure that "the parties will [not] have incurred any discovery costs inefficiently, or possibly needlessly," in the event of an appellate reversal. *United States ex rel. Integra Med. Analytics LLC v. Providence Health & Servs.*, No. 17-1694, 2019 U.S. Dist. LEXIS 221330, at *20 (C.D. Cal. Oct. 8, 2019).

Plaintiffs do not dispute this point. *See generally* Opp'n, 6-7. Instead, they argue that Truist should be forced to absorb the costs and burdens of discovery, further motion practice, and trial, as

they believe that Truist "may be held to account … under the UCC," which in their mind would be "justice." *Id.* at 7. However, Plaintiffs' argument disregards the possibility of a Ninth Circuit reversal, which would be consistent with the decisions of nearly every federal court that has considered privity as a requirement of a UCC § 4A-207 claim. *See* Opening Br., 5 n.2. It also disregards precedent approving the resolution of pure legal issues before discovery and trial work proceed. *See, e.g.*, *Integra Med. Analytics*, 2019 U.S. Dist. LEXIS 221330, at *20; *Gray v. Golden Gate Nat'l Rec. Area*, No. 08-722, 2011 U.S. Dist. LEXIS 149232, at *9 (N.D. Cal. Dec. 29, 2011) ("Although monetary losses incurred in litigation are generally not considered irreparable harm, '[i]f defendants are forced to incur the expense of litigation before their appeal is heard, the appeal will be moot, and their right to appeal would be meaningless.'" (quoting *C.B.S. Emps. Fed. Credit Union v. Donaldson, Lufkin & Jenrette*, 716 F. Supp. 307, 310 (W.D. Tenn. 1989))).

Finally, Plaintiffs wrongly argue that the public interest disfavors a stay. *See* Opp'n, 7. In fact, an immediate Ninth Circuit ruling would further the public interest by resolving an issue that arises, in this state and elsewhere, with some frequency. Furthermore, as Truist earlier argued, and Plaintiffs have not disputed, "the public generally has an interest in [the] accuracy of judicial proceedings in efficient use of government resources." Opening Br., 13 (citation omitted).

### III. CONCLUSION

For all of the foregoing reasons, and for all of the reasons stated in Truist's opening brief, Truist respectfully requests that this Court certify a discretionary appeal of its June 17, 2025 Order pursuant to 28 U.S.C. § 1292(b). Doing so will allow the Ninth Circuit Court of Appeals to resolve a case-dispositive issue. Further, Truist respectfully requests that the Court stay this case during such appeal, to preserve both the Court's and the parties' resources, which would be needlessly wasted if the Ninth Circuit adopts the national majority's view, and recognizes privity as a required element of claims under UCC § 4A-207 (or its *verbatim* California cousin, Cal. Comm. Code § 11207).

///

///

///

DATED: August 6, 2025

Respectfully submitted,

BALLARD SPAHR LLP

By: */s/ Melanie Vartabedian*
Melanie Vartabedian
Elliot Johnson
John D. Sadler (admitted *pro hac vice*)
*Attorneys for Defendant Truist Bank
(erroneously sued as "Truist Bank, NA")*